JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

ATTORNEYS FOR DEFENDANTS

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RANDI ROSS,<br><br>             Plaintiff,<br><br>v.<br><br>RUTGERS UNIVERSITY and JENNIFER ARENA,<br><br>             Defendants. | Civil Action No.<br><br><br>**NOTICE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)** |

To:     William T. Walsh
        United States District Court
        District of New Jersey
        M.L. King, Jr. Federal Bldg. & U.S. Courthouse
        50 Walnut Street
        Newark, NJ 07102

        Randi Ross, *Pro Se* Plaintiff
        501B Surf Avenue
        Apt. 16 M
        Brooklyn, New York 11224

        Pursuant to the requirements of 28 U.S.C. § 1446(d), on May 1, 2013, a notice

of filing of petition for removal, a true copy of which is attached hereto as Exhibit A,

will be filed with the Clerk of the Superior Court of New Jersey, Law Division, Essex County.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834

By: s/ Lori A. Jablczynski
Robyn L. Aversa
Lori A. Jablczynski
ATTORNEYS FOR DEFENDANTS

Dated: May 1, 2013

191033 NOC 28 USC 1446(d).doc
4825-7000-2195, v. 1

# EXHIBIT "A"

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

ATTORNEYS FOR DEFENDANTS

| | |
|---|---|
| RANDI ROSS,<br><br>               Plaintiff,<br><br>v.<br><br>RUTGERS UNIVERSITY and JENNIFER ARENA,<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  ESSEX COUNTY<br><br>CIVIL ACTION<br><br>Docket No.  ESX-L-8968-12<br><br>**NOTICE OF FILING OF<br>PETITION FOR REMOVAL** |

To:    Clerk of the Court
       Superior Court of New Jersey
       Veterans Courthouse
       50 West Market Street
       Room 131
       Newark, New Jersey 07102

       Randi Ross, *Pro Se* Plaintiff
       501B Surf Avenue
       Apt. 16 M
       Brooklyn, New York 11224

       **PLEASE TAKE NOTICE** that Defendants Rutgers, The State University of

New Jersey ("Rutgers") (improperly pled as "Rutgers University") and Jennifer Arena

(collectively "Defendants"), have filed their notice and petition for removal of this action to the

United States District Court for the District of New Jersey on May 1, 2013.  A copy of the notice

and petition filed with the United States District Court is submitted herewith as Exhibit 1.

**PLEASE TAKE FURTHER NOTICE** that Defendants hereby file a copy of their notice and petition with the Superior Court of New Jersey, Law Division, Essex County in accordance with 28 U.S.C. § 1446.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834

By: _____
Robyn L. Aversa
Lori A. Jablczynski
Dated:  May 1, 2013          ATTORNEYS FOR DEFENDANTS

191033 Notice of Filing of Petition for Removal.doc
4823-7509-7875, v. 1

# EXHIBIT "1"

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

ATTORNEYS FOR DEFENDANTS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDI ROSS,<br><br>                Plaintiff,<br><br>v.<br><br>RUTGERS UNIVERSITY and JENNIFER ARENA,<br><br>                Defendants. | Civil Action No.<br><br>**NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, ESSEX COUNTY** |

To:    William T. Walsh
        United States District Court, District of New Jersey
        M.L. King, Jr. Federal Bldg. & U.S. Courthouse
        50 Walnut Street
        Newark, NJ 07102

        Randi Ross, *Pro Se* Plaintiff
        501B Surf Avenue
        Apt. 16 M
        Brooklyn, New York 11224

Defendants Rutgers, The State University of New Jersey ("Rutgers") (improperly pled as "Rutgers University") and Jennifer Arena (hereinafter collectively referred to as "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submit this Notice and Petition for Removal of a case from the Superior Court of New Jersey, Law Division, Essex County, bearing Docket No. ESX-L-8968-12, and as grounds for this removal allege as follows:

## INTRODUCTION

1.      The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. This case may therefore be removed pursuant to 28 U.S.C. § 1441.

## TIMELINESS OF REMOVAL

2.      On or about December 10, 2012, Plaintiff filed a civil action in the Superior Court of New Jersey, Law Division, Essex County, bearing Docket Number ESX-L-8968-12, entitled Randi Ross v. Rutgers University and Jennifer Arena. True and correct copies of the initial complaint and summons are attached as Exhibit A. These documents were the initial pleadings served upon Defendants setting forth the claims upon which Plaintiff's action is based.

3.      Defendant Rutgers was served with this Complaint on April 7, 2013. Defendant Arena was served with this Complaint on April 12, 2013. Therefore this notice and petition is timely filed within the provisions of 28 U.S.C. § 1446 in that Defendants have effectuated removal within thirty (30) days of receipt of it in a paper form which could be first ascertained that this action is removable. See 28 U.S.C. § 1446.

4.      This notice of removal, filed on May 1, 2013, is filed within thirty (30) days after Defendants received the complaint, which is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based.

5.      As such, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b), which provides, in relevant part, that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

## REMOVAL BASED ON DIVERSITY JURISDICTION

6.     28 U.S.C. § 1441(a) provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7.     This action is one over which this Court has original jurisdiction. Pursuant to 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.

8.     In this matter, there is complete diversity of citizenship between Plaintiff and Defendants. Specifically, at the time of the filing of the subject complaint, Plaintiff was a citizen and resident of the State of New York. See Exhibit A.  Defendant Rutgers has been and is, both upon the filing of the subject complaint and the filing of this removal petition, a citizen of the State of New Jersey, where it is both incorporated and where it has its principal place of business. See 28 U.S.C. § 1332(c)(1); Exhibit A. Defendant Arena has been and is, both upon the filing of the subject complaint and the filing of this removal petition, a permanent resident and citizen of the New Jersey.

9.     Plaintiff has not specifically enumerated the amount in controversy in her Complaint. However, the fact that a complaint does not on its face state the amount it seeks to recover will not defeat diversity jurisdiction. When a plaintiff has not specified that the amount in controversy is less than the jurisdictional minimum, the defendant need only show that, to a

legal certainty, the amount in controversy exceeds the threshold requirement. See Bergen County Improvement Auth. v. Bergen Reg'l Med. Ctr., 2012 U.S. Dist. LEXIS 81891 (D.N.J. June 7, 2012).

10.    In this case, Plaintiff alleges age discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. and seeks "compensatory and punitive damages for among other items, injury, impairment and damage to her good name and reputation, pain and suffering, mental anguish, emotional pain, suffering, inconvenience, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses" together with punitive damages, attorneys' fees, and costs. See Exhibit A. Plaintiff's compensatory damages would thus encompass at least two years' worth of lost wages and benefits, and likely much more by the time the litigation is concluded, with a damages award for pain and suffering. That, plus counsel fees, which may often reach six figures in actions of this nature, clearly establishes, to a legal certainty, that the amount in controversy is in excess of seventy-five thousand dollars ($75,000).

11.    Therefore, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332(a)(1). Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## VENUE

12.    Pursuant to 28 U.S.C. §§ 1441(a), venue lies in the United States District Court for the District of New Jersey because the state action was filed in this District and this is the judicial district in which the action arose.

## NOTICES

13.     Defendants have not filed an answer or other pleading in the Superior Court of New Jersey.

14.     Defendants submit this notice and petition without waiving any defenses to the claims asserted by Plaintiff or conceding Plaintiff has pleaded claims upon which relief may be granted.

15.     Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice of the removal of this action to all adverse parties, and has filed a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Essex County.

WHEREFORE, Defendants respectfully request that the within action, now pending in the Superior Court of New Jersey, Law Division, Essex County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834

By: s/ Lori A. Jablczynski
    Robyn L. Aversa
    Lori A. Jablczynski
    ATTORNEYS FOR DEFENDANTS

Dated: May 1, 2013

191033 Notice and Petition for Removal.doc
4828-4879-2339, v. 1

# EXHIBIT "A"

**SUMMONS**

Attorney(s) Locksley O. Wade, Esq

Office Address 11 Broadway, Suite 615

Town, State, Zip Code New York, NY 10004

Fax Number (212) 933-9181

Telephone Number  (212) 933-9181

Attorney(s) for Plaintiff Randi Ross

RANDI ROSS,
　　　　Plaintiff(s)

Vs.

RUTGERS UNIVERSITY and

JENNIFER ARENA,
　　　　Defendant(s)

## Superior Court of New Jersey

ESSEX COUNTY

LAW DIVISION

Docket No: ESX-L 8968-12

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

　　The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

　　If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

　　If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

attorney at law

DATED:  03/18/2012

Name of Defendant to Be Served: Jennifer Arena

Address of Defendant to Be Served:  c/o Office of General Counsel, Winants Hall, Rm 401

7 College Avenue, New Brunswick, NJ Tel. (848) 932-7697

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

**SUMMONS**

Attorney(s) _Locksley O. Wade, Esq_

Office Address _11 Broadway, Suite 615_

Town, State, Zip Code _New York, NY 10004_
Fax Number (212) 933-9181

Telephone Number _(212) 933-9181_

Attorney(s) for Plaintiff _Randi Ross_

RANDI ROSS,
Plaintiff(s)

Vs.

RUTGERS UNIVERSITY and

JENNIFER ARENA,
Defendant(s)

## Superior Court of
## New Jersey

_ESSEX_ COUNTY

_LAW_ DIVISION

Docket No: _ESX-L 8968-12_

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED: _03/18/2012_

Name of Defendant to Be Served: _Rutgers University_

Address of Defendant to Be Served: _Office of General Counsel, Winants Hall, Rm 401_
7 College Avenue, New Brunswick, NJ Tel. (848) 932-7697

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

RANDI ROSS
Name

501 B surf ave apt 16M
Address
Brooklyn NY 11224
Telephone Number
347 524 5453

RANDI ROSS
Plaintiff

v.

Jennifer Arena
+ Rutgers University
Defen                    dant (s)

SUPERIOR COURT OF NEW JERSEY
ESSEX VICINAGE

DEC 1 0 2012

FINANCE DIVISION
RECEIVED / FILED

Superior Court of New Jersey

Law Division ___ESSEX___ County

Docket No ___ESX-L 8968-12___
(to be filled in by the court)

**CIVIL ACTION**
**Complaint**

---

Plaintiff, ___RANDI ROSS___, residing at
                    (your name)
___501 B surf ave apt 16M___ City of ___Brooklyn, NY___,
        (your address)                              (your city or town)
County of ___King___.
        (your county)

State Of New Jersey, complaining of defendant, states as follows:
              York

1. On ~~Dec~~ Oct 14, 20 10, ___Jennifer Arena___, Defendant
                              (name of person being sued)

(Summarize what happened that resulted in   your claim agains t the defendant. Use
additional pages if necessary.)

Sent me a letter of notice of failure to rehire me.
My last day in the classroom at Rutgers was
Dec 9, 2010. Please see attached pages

---

BATCH # 935   FILED 12-10-12
CHECK/RECEIPT #

The defendant in this action resides at _126 Birchwood Drive_ *home* ,
_____(defendant's address)_____

In the County of _Bergen_ , State Of New Jersey. _Elmwood Park, NJ 07407-1304_

(name of county where defendant lives)

2. Plaintiff is entitled to relief from defendant under the above facts.

3. The harm that occurred as a result of defendant's acts include:

(list each item of damage and injury),

1. _____See attached_____

2. _____  DEC 10

3. _____  #28

Wherefore, plaintiff requests judgment agains t defendant for damages, together with attorney's fees, if ap plicable, costs of suit, a nd any other relief as the court may deem proper.

Dated: _Dec 10, 2012_____     Signature: _____

## CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about whic h I am suing is not the s ubject of any other action pending in any ot her court or a pending ar bitration proceeding to the best of my knowledge and belief. Also, to t he best of my knowledge and belief no other action or arbi tration pr oceeding is contempl ated. Fur ther, ot her than t he parties set forth in this complaint, I know of no other parties that should be made

Revised 09/1/2009, CN 10553-English (How to File a Complaint in the Superior Court)
Published 4/1/2008, CN 11210 – English

Page 8 of 9

a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: _____12/10/12_____  Signature: _____

~~Dec 10, 2012~~

**OPTIONAL: If you would like to have a judge decide your case, do not include the following paragraph in your complaint. If you would prefer to have a jury to decide your case, please sign your name after the following paragraph.**

## JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court *Rules* 1:8-2(b) and 4:35-1(a).

Dated: _____Dec 10, 2012_____  Signature: _____

Revised 09/1/2009, CN 10553-English (How to File a Complaint in the Superior Court)
Published 4/1/2008, CN 11210 – English

Page 9 of 9

| | |
|---|---|
| RANDI ROSS,<br><br>      Plaintiff,<br><br>      -v-<br><br>RUTGERS UNIVERSITY and JENNIFER ARENA,<br><br>      Defendants. | **SUPERIOR COURT OF NEW JERSEY**<br>**ESSEX COUNTY**<br>**LAW DIVISION** ESX-L 8968-12<br><br>DOCKET NO.   SUPERIOR COURT OF NEW JERSEY<br><br>ESSEX VICINAGE<br>**COMPLAINT**<br>DEC 10 2012<br>[JURY DEMAND]<br><br>FINANCE DIVISION<br>RECEIVED / FILED |

This is a lawsuit to redress unlawful termination of employment in violation of the New Jersey Laws Against Discrimination ("NJLAD") on the basis of age.

## THE PARTIES

1. Dr. Randi Ross, the Plaintiff, is former employee and writing professor in the Writing Program of Rutgers University, The State University of New Jersey, Newark Campus. Ross is a person under the protection of LAD which outlaws workplace age discrimination against older workers.

2. Rutgers is the State University of New Jersey, a specially chartered institution pursuant to the Laws of New Jersey. Rutgers' main campus is in Essex County, Newark, New Jersey. Rutgers is a defendant.

3. Jennifer Arena, a Defendant, is the Director of the Writing Program of Rutgers Newark and she is being sued as an "aider and abettor" under NJLAD

## FACTUAL ALLEGATIONS

4. Defendant Arena - acting with malice and forethought - orchestrated and wrote false reports and evaluations against Dr. Ross in order to remove her from her position as a 12 year

1

Part Time Lecturer of Writing in the Writing Program of Rutgers University because of her age.

5. Defendant Arena, acting as agent for Rutgers not only wrongly terminated her employment, but also created a uniquely hostile working environment in which she discriminated against similarly situated older co-workers by again orchestrating and authored series of false reports and evaluations against such older workers because of their age.

6. For example, Defendant Arena deliberately gave a false and poor rating to an older employee who was an Instructor of the Year in order to remove her from her position solely because of the employee was a middle aged long time employee.  Plaintiff Ross suffered as such from Defendant Arena

7. Another examples of Defendant Arena's hostility toward long time middle aged employees occurred when she created such a hostile working environment for a long-time male employee that he would appear chalk white and visually and shaking after having meetings with Defendant Arena. Prior to Ms. Arena's promotion to Director of the Writing Program, he had suffered a cardiac event and he was given last rites by a priest.  Fortunately, he recovered, but was out of work for several months after the episode.. Ms. Arena knew of this and also knew of his long employment with the college. Nevertheless, she would berate him at meetings to such an extent that he would emerge as above. Fortunately, he now has a successful career with another local college.

8. A further example of Defendant Arena's deliberate and malicious actions against older worker like Plaintiff Ross occurred when three other longtime instructors in the Writing Program were forced out because of a hostile work environment created by Defendant Arena against older workers.

9. Rutgers knew that Defendant Arena's actions were in violation of NJLAD but they

2

refused to take any action to prevent such unlawful behavior.

## COUNT I
### Rutgers' Violation of NJLAD

10. Plaintiff Ross repeats and paragraphs 1 through 9 of this Complaint with the same force and effect as though fully restated here.

11. Rutgers' conduct was carried out with malice or reckless disregard for Plaintiff Ross' right to be free from workplace age discrimination.

12. As a result of Rutgers' unlawful conduct, Plaintiff Ross has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Plaintiff Ross is entitled to recover monetary damages and other damages, punitive damages, interest, and attorneys' fees (if an attorney later represents plaintiff) and costs from Rutgers under the NJLAD.

13. As a further result of Rutgers' unlawful conduct, Plaintiff Ross has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, pain and suffering, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Ross is entitled to recover damages for such injuries from Rutgers under NJLAD.

## COUNT II
### Arena's Violation of NJLAD

14. Plaintiff Ross repeats and paragraphs 1 through 13 of this Complaint with the same force and effect as though fully restated here.

3

18. Arena's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination in violation of NJLAD, in that, Arena aided and abetted Rutgers' unlawful termination of Ross' employment because of her age and because she complained of unlawful conduct as alleged herein.

15. As a result of Rutgers' unlawful conduct, Ross has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Plaintiff Ross is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees (if an attorney later represents plaintiff) and costs from Rutgers under the NJLAD.

16. As a further result of Rutgers' unlawful conduct, Plaintiff Ross has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, pain and suffering, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff Ross is entitled to recover damages for such injuries from Rutgers under NJLAD.

## PRAYER FOR RELIEF COMMON TO ALL COUNTS

WHEREFORE, Plaintiff Ross requests judgment as follows and to grant further relief as may be necessary and proper:

(1)     enter a judgment declaring the acts and practices of Rutgers and Arena to be in violation of the above described laws against discrimination;

(2)     award Ross full restoration of employment with Rutgers;

(3)     award Ross as against Arena and Rutgers, loss wages, including without

4

limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest

lost as a result of Arena and Rutgers' unlawful acts of discrimination in accordance with the

above described laws against discrimination;

     (4)    award Ross as against, Arena and Rutgers, consequential damages for losses

resulting from Arena and Rutgers' unlawful acts of discrimination and unlawful harassment in

accordance with the above described laws against discrimination;

     (5)    award Ross as against Arena and Rutgers, compensatory and punitive damages

for among other items, injury, impairment and damage to her good name and reputation, pain and

suffering, mental anguish, emotional pain, suffering, inconvenience, lasting embarrassment and

humiliation, and other pecuniary and nonpecuniary losses, in accordance with the above

described laws against discrimination; and

     (6)    award Ross as against Arena and Rutgers, the cost of this action, together with

attorneys' fees (if an attorney later represents plaintiff) in accordance with the above described

laws against discrimination.

## JURY DEMAND

    Plaintiff Ross demands a jury trial for all issues triable by jury.

December 6, 2012
Brooklyn, NY

                                 Respectfully submitted,

                                   Randi Ross, Pro se
                                   501 B Surf Avenue
                                   Apt. 16M
                                   Brooklyn, NY 11224
                                   Plaintiff
                                   (347) 524-5453