NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RANDI ROSS, | : | |
| | : | Civil Action No. 13-2809 (SDW) (MCA) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| RUTGERS UNIVERSITY and JENNIFER ARENA, | : | September 16, 2013 |
| Defendants. | : | |

**WIGENTON**, District Judge.

Before the Court is Rutgers, The State University of New Jersey ("Rutgers") and Jennifer Arena's ("Arena") (collectively "Defendants") Motion to Dismiss the Complaint of Randi Ross ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**.

**FACTUAL HISTORY**

Plaintiff is a former Rutgers employee and writing professor for the Rutgers-Newark Writing Program. (See Compl. ¶ 1.) Plaintiff worked as a part-time lecturer at Rutgers for approximately twelve years, with her last day of employment being December 9, 2010. (See

1

Compl. ¶¶ 1, 4; Defs.' Br. 3.)  Arena is the Director of the Rutgers-Newark Writing Program. (See Compl. ¶ 3.)

Plaintiff alleges that Arena "orchestrated and wrote false reports and evaluations against [Plaintiff] in order to remove her from her position . . . because of her age."  (Compl. ¶ 4.) Plaintiff further alleges that Arena "created a uniquely hostile working environment in which she discriminated against similarly older co-workers by again orchestrating . . . [a] series of false reports and evaluations against such older workers because of their age."  (Compl. ¶ 5.) According to Plaintiff, Arena "deliberately gave a false and poor rating to an older employee who was an Instructor of the Year in order to remove her from her position solely because . . . the employee was a middle aged long time employee."  (Compl. ¶ 6.)  Plaintiff also alleges Arena berated another middle-aged employee to such an extent that "he would appear chalk white" after meeting with her.  (Compl. ¶ 7.)  Plaintiff alleges that "three other longtime instructors in the Writing Program were [also] forced out because of [the] hostile work environment created by Defendant Arena."  (Compl. ¶ 8.)  Plaintiff claims that Rutgers "refused to take any action to prevent [Arena's] unlawful behavior."  (Compl. ¶ 9.)

**PROCEDURAL HISTORY**

On December 10, 2012, Plaintiff filed the instant Complaint in the Superior Court of New Jersey, Law Division in Essex County alleging violations of the New Jersey Law Against Discrimination ("NJLAD") arising out of her termination as a Rutgers part-time lecturer.[1]  (See Compl. ¶ 3.)  Specifically, Count I alleges Rutgers's violation of NJLAD and Count II alleges

---

[1] The instant action is the second-filed Complaint involving these parties and in connection with Plaintiff's employment as a part-time lecturer at Rutgers.  In October 2011, Plaintiff filed her first Complaint against Defendants in the Superior Court of New Jersey, Essex County, Law Division alleging defamation of character, violation of procedural due process, and breach of her collective negotiations agreement arising out of her termination as a Rutgers part-time lecturer.  (See Ross v. Arena, 11-cv-7153, Dkt. No. 1.)  On December 8, 2011, Defendants removed the first-filed Complaint to this Court.  (Id., Dkt. No. 1.)  Defendants then filed a motion for summary judgment on May 22, 2013, which is currently pending before this Court.  (Id., Dkt. No. 26.)

Arena's violation of NJLAD. (Compl. ¶¶ 10-16.) Defendants removed the action to this Court on May 1, 2013. (Dkt. No. 1.) Defendants then filed the instant Motion to Dismiss on May 22, 2013. (Dkt. No. 7.) Plaintiff opposed the Motion to Dismiss on July 15, 2013, and Defendants filed a reply on July 25, 2013. (Dkt. Nos. 13-14.)

**LEGAL STANDARD**

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "'requires a 'showing' rather than a blanket assertion of an entitlement to relief'" (quoting Twombly, 550 U.S. at 555 n.3)).

In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips, 515 F.3d at 231 (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the

complaint should be dismissed for failing to show "'that the pleader is entitled to relief'" as required by Rule 8(a)(2). Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

According to the Supreme Court in Twombly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (third alteration in original) (internal citations omitted) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). The Third Circuit summarized the Twombly pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips, 515 F.3d at 234 (alterations in original) (quoting Twombly, 550 U.S. at 556).

In Fowler v. UPMC Shadyside, the Third Circuit directed district courts to conduct a two-part analysis. 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the factual elements from the legal conclusions. Id. The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11 (citing Iqbal, 556 U.S. at 678). Second, the court must determine if "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 566 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. (citing Phillips, 515 F.3d at 234-35).

**DISCUSSION**

### I. Alleged Violations of NJLAD

#### a. Statute of Limitations

Claims under the NJLAD[2] are subject to a two-year statute of limitations. Montells v. Haynes, 133 N.J. 282, 286 (1993). "In employment discrimination actions, the limitations period begins with the 'time of the discriminatory act.'" Hanani v. N.J. Dep't of Envtl. Prot., 205 F. App'x 71, 76 (3d Cir. 2006) (quoting Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 842 (3d Cir. 1992) (alteration in original)). The New Jersey Supreme Court has held that "a discharge is a discrete discriminatory act that places an employee on notice of the existence of a cause of action and of the need to file a claim. The statute of limitations begins to run on the day that act takes place." Roa v. Roa, 200 N.J. 555, 569 (2010) (citing Shepherd v. Hunterdon Developmental Ctr., 174 N.J. 1, 19 (2002)).

Here, Defendants argue that Plaintiff's allegations of discriminatory conduct occurred before her last day worked at Rutgers—December 9, 2010—as "Plaintiff's age discrimination claims relate to conduct leading up to Plaintiff's nonrenewal of employment." (Defs.' Br. 12.) Because Plaintiff filed her Complaint on December 10, 2012—more than two years after her last day of employment—Defendants argue that Plaintiff's claims are barred by NJLAD's two-year statute of limitations. (Defs.' Br. 12.)

---

[2] To establish a prima facie claim for hostile work environment under NJLAD, a plaintiff must establish that defendant's conduct "(1) would not have occurred *but for* the employee's [protected characteristic]; and it was (2) *severe or pervasive* enough to make a (3) *reasonable [person]* believe that (4) the conditions of employment are altered and the *working environment is hostile or abusive.*" Lehmann v. Toys R Us, Inc., 132 N.J. 587, 603-04 (1993).

In response, Plaintiff argues that her Complaint was timely filed and she points to grievances that were filed and pending after December 9, 2010. (Pl.'s Opp'n 5-6.) Plaintiff argues that:

> the last act pertaining to [Plaintiff's] employment with the [D]efendant occurred on July 27, 2011, and the subsequent filing of the instant [C]omplaint is well within the two year limitation period for filing a claim under [NJ]LAD because the statute of limitations began to run on the day she was finally discharged.

(Pl.'s Opp'n 6.)

This Court finds that Plaintiff's NJLAD claims are barred by the two-year statute of limitations. Plaintiff claims that Defendants engaged in several discriminatory acts; however, she failed to set forth specific dates for such acts in her Complaint. Plaintiff's last day of employment at Rutgers was on December 9, 2010—the latest possible date that can be used for calculating the relevant statute of limitations for her NJLAD claims. (See Defs.' Mot. Dismiss 3.) Plaintiff filed the instant Complaint on December 10, 2012; thus, she failed to file her NJLAD claims within the allowable two-year period after she was discharged. (See Dkt. No. 1.) Importantly, the fact that Plaintiff filed a grievance after she left Rutgers does not toll the statute of limitations. See Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc., 429 U.S. 229, 236 (1976) (noting that "pendency of grievance or arbitration procedures" does not toll the statute of limitations for filing employment discrimination claim); Hayne v. Rutgers, State Univ., No. 83-4913 (JCL), 1989 WL 106031, at *10 (D.N.J. Aug. 10, 1989) ("The pendency of a grievance does not toll the running of the limitations period." (quoting Del. State College v. Ricks, 449 U.S. 250, 259 (1980))). Accordingly, Plaintiff's NJLAD claims against Rutgers and Arena are barred.

### a. Entire Controversy Doctrine

Under New Jersey law, "[t]he entire controversy doctrine requires that a person assert in one action all related claims against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party." Melikian v. Corradetti, 791 F.2d 274, 279 (3d Cir. 1986). "The entire controversy doctrine reaches more broadly than the 'same cause of action' requirement of traditional res judicata doctrine." Id. "At a minimum, the entire controversy doctrine mandates joinder of those claims arising from 'the same overall transaction' involving the parties already named in the lawsuit." Dowdell v. Univ. of Med. & Dentistry of N.J., 94 F. Supp. 2d 527, 534 (D.N.J. 2000) (quoting Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 343-44 (1984)).

Although it is unnecessary for this Court to address the entire controversy argument given the conclusion that Plaintiff's NJLAD claims are barred by the statute of limitations, this Court will discuss it briefly. Plaintiff's first-filed case—Ross v. Arena, 11-cv-7153—is currently before this Court with a pending summary judgment motion. Plaintiff contends that the lack of a final determination in the first-filed case and the fact that no NJLAD claims were advanced in the first-filed case overcomes the entire controversy doctrine. (Pl.'s Opp'n 8.) Plaintiff's arguments are erroneous. As Defendants point out, Plaintiff's NJLAD claims "arise from the same facts as those underlying Plaintiff's first-filed action, namely, Plaintiff's employment in the Rutgers Writing Program (and the non-reappointment thereof)." (Defs.' Br. 15.) Thus, Plaintiff's instant Complaint violates the entire controversy doctrine and warrants dismissal of Plaintiff's NJLAD claims.

**II.     Request to Remand**

In her Opposition Brief, Plaintiff argues that removal of the instant case to this Court was improper and requests that it be remanded. (Pl.'s Opp'n 2-3.) In light of the foregoing determination dismissing the Complaint, this request is moot.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**.

s/Susan D. Wigenton, U.S.D.J.

Cc:     Madeline Cox Arleo, U.S.M.J.